```
 1                  IN THE UNITED STATES DISTRICT COURT
                     FOR THE WESTERN DISTRICT OF TEXAS
 2                              WACO DIVISION

 3
    SYNKLOUD TECHNOLOGIES, LLC    *      August 5, 2020
 4                               *
    VS.                          *      CIVIL ACTION NOS.
 5                               *
    DROPBOX, INC.                * W-19-CV-525, W-19-CV-526
 6  ADOBE, INC.                  *      W-19-CV-527

 7      BEFORE THE HONORABLE ALAN D ALBRIGHT, JUDGE PRESIDING
                    TELEPHONIC STATUS CONFERENCE
 8
    APPEARANCES:
 9
    For the Plaintiff:        Kevin James Terrazas, Esq.
10                            Cleveland Terrazas PLLC
                              4611 Bee Cave Rd., #306 B
11                            Austin, TX 78746

12                            Deepali A. Brahmbhatt, Esq.
                              One LLP, 4000 MacArthur Blvd.
13                            East Tower, Suite 500
                              Newport Beach, CA 92660
14
    For Defendant Dropbox:    Liv Herriot, Esq.
15                            Wilmer Cutler Pickering Hale & Dorr
                              950 Page Mill Rd
16                            Palo Alto, CA 94304

17                            J. Stephen Ravel, Esq.
                              Kelly Hart & Hallman LLP
18                            303 Colorado Street, Suite 2000
                              Austin, TX 78701
19
                              Gregory H. Lantier, Esq.
20                            Wilmer Hale LLP
                              1875 Pennsylvania Avenue, N.W.
21                            Washington, DC 20006

22  For Defendant Adobe:      Deron R. Dacus, Esq.
                              The Dacus Firm, P.C.
23                            821 ESE Loop 323, Suite 430
                              Tyler, TX 75701
24

25
```

```
1                              Eugene Y. Mar, Esq.
                               Sushila Chanana, Esq.
2                              Winston Liaw, Esq.
                               Farella Braun & Martel, LLP
3                              235 Montgomery Street, 17th Floor
                               San Francisco, CA 94104
4
     Court Reporter:          Kristie M. Davis
5                              United States District Court
                               PO Box 20994
6                              Waco, Texas 76702-0994

7

8          Proceedings recorded by mechanical stenography, transcript

9     produced by computer-aided transcription.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1          (August 5, 2020, 2:00 p.m.)

2          MS. MILES:  Telephonic status conferences in Civil Action

3     W-19-CV-525, and W-19-CV-526, styled SynKloud Technologies, LLC

4     versus Dropbox, Incorporated, and Civil Action W-19-CV-527,

5     styled SynKloud Technologies, LLC versus Adobe Incorporated.

6          THE COURT:  Good afternoon, all.  If I could hear

7     announcements from counsel, please.

8          MR. TERRAZAS:  Your Honor, Kevin Terrazas on behalf of

9     SynKloud, along with Deepali Brahmbhatt, and Ms. Brahmbhatt

10    will be taking the lead today.

11         THE COURT:  And if I could hear from counsel -- other

12    counsel, please.

13         MR. RAVEL:  Your Honor, Steve Ravel for Dropbox.  Here

14    today with you are our -- is our in-house counsel Elena

15    DiMuzio.  And from Wilmer, Liv Herriot and Greg Lantier.  And

16    Mr. Lantier and I will be dividing the argument.

17         THE COURT:  Very good.  I'm happy to take up the issues --

18         MR. DACUS:  Your Honor, this is Deron Dacus.  I need to

19    announce, if I might.

20         THE COURT:  Please.

21         MR. DACUS:  Your Honor, this is Deron Dacus on behalf of

22    Adobe, and also on the phone are Eugene Mar and Sushila

23    Chanana.  And Mr. Mar will be speaking on behalf of Adobe, Your

24    Honor.  Thank you.

25         MR. MAR:  Your Honor, just to interject, we also have Andy

1  Nguyen who's in-house litigation counsel for Adobe on the line

2  as well.

3       THE COURT:  Very good.  Any other counsel?

4       MR. LIAW:  And this is Winston Liaw on behalf of Defendant

5  Adobe as well.

6       THE COURT:  Okay.  Anyone else?

7       I'd like to thank everyone who is in-house or with any of

8  the clients for being here.  I always appreciate it when you

9  all take the time to attend these hearings.

10      I'm happy to take up any issues with regard to the status

11  of the case.  I'll start with the plaintiff.

12      MS. BRAHMBHATT:  Thank you, Your Honor.  This is Deepali

13  Brahmbhatt for SynKloud Technologies, LLC.

14      So as you know, Your Honor, there have been many petitions

15  that have been filed for transfer in your court, and Adobe's

16  petition is the first one that has been granted.  And we

17  believe it is an error of law and fact.  The Federal Circuit

18  relied on the third-party subpoena in the Northern District of

19  California without considering the fact that you already

20  allowed early discovery.  And the subpoena for STT WebOS was

21  already issued.  There was no motion to quash the subpoena, and

22  we already complied with their discovery.

23      So we strongly believe that our other points as well that

24  we will be able to reverse this decision on rehearing.  And the

25  client feels very strongly about this.  And if needed, we would

1   go all the way with the Supreme Court petition as well.

2       And so, Your Honor, what we have here is, you know, all of

3   us, we agree that some kind of a stay may come in place.  But

4   the dispute is, you know, to who -- which parties the stay

5   should apply and the timing of such a stay and, you know, what

6   it really entails.

7       And so, Your Honor, I would like to say that you are very

8   well aware of the schedules in all of your cases, including

9   these three that are at issue here.  Discovery is closed till

10  Markman hearing and a Markman ruling.  Discovery does not open.

11  We do not have any issue of witnesses or locations or sources

12  of proof because discovery hasn't opened yet.

13      And so both sides and all the three parties in their

14  transfer motions agreed that both the Courts are equally

15  competent, and even Northern District of California or your

16  court knows the patent laws very well.  And, you know, both

17  sides admitted that in the transfer motion brief that that is

18  not a factor.  The factors there about, you know, witnesses and

19  locations and proof that come into play only when discovery

20  opens.

21      And so we really want to -- we are in this place where we

22  have filed the opening claim construction brief, but we have

23  not filed a response and a reply brief.  There are currently 11

24  IPRs that have been filed against the same patent family.  You

25  know, three of them are by Defendant Adobe.

1     And in this claim construction -- opening claim

2 construction briefing, there are all these allegations of

3 inconsistent and game playing by SynKloud Technologies that

4 need a response, you know, on the docket.  There's filings

5 of -- particularly of labels, the PTAB judges though look at

6 them.  And so having this incomplete briefing would be very

7 prejudicial.

8     We can -- you know, these other proposals -- SynKloud's

9 proposal is that the schedule should continue as is.  We filed

10 a response brief, we filed a reply brief, and we can have a

11 Markman hearing.  And then the Adobe case can be stayed after

12 the Markman hearing when discovery opens.

13     For the Dropbox cases, Your Honor, the Federal Circuit

14 denied both the motions, and as such, it would be premature for

15 you to reconsider the motions to transfer, given the

16 uncertainty with the Apple review and rehearing.

17     And so the -- I mean, we are unclear to proceed with both

18 of the Dropbox cases and open up discovery after the Markman

19 hearing.  And, Your Honor, this issue is not new to -- you

20 know, this is new to this Court as, you know, this is the first

21 mandamus petition that has been granted.

22     But this issue has come up in ED Texas.  And the judges,

23 like for example in EON Corp. IP Holdings versus Apple, there

24 were four defendants in that case.  And the cases are stayed

25 against Apple and Asus and continued for the remaining two

1  defendants, LG and Pantech, and the ED Texas case is

2  6:12-CV-00943.

3      There's also another case, Auto-Drill, Inc. versus

4  National Oilwell Varco, L.P., where it was stayed against

5  National that was going through, you know, rehearing.  But it

6  was continued for Canrig Drilling and Pason, the two of the

7  other defendants.  So there is really no need here, or no

8  factors, that would have a stay for the two of the Dropbox

9  cases.

10      And that is -- you know, that is all from the SynKloud

11  side, Your Honor.

12      THE COURT:  Okay.  If I could hear from --

13      MR. RAVEL:  You broke up, Judge.  Do you want to hear from

14  Dropbox now?

15      THE COURT:  Yes, please.

16      MR. RAVEL:  Well, Your Honor, I'm going to leave it to

17  Mr. Lantier to argue about what sort of stay would be required,

18  because my argument obviates the need for a stay from this

19  Court.

20      So before turning it over to Mr. Lantier, I will argue to

21  you that the two Dropbox cases, the 525 and the 526, are ripe

22  today for the sua sponte transfer to the Northern District of

23  California for consolidation with the Adobe 527.  This argument

24  is a serious one, and it's based on three circumstances.

25      Circumstance No. 1:  This Court's June 16th opinion in

1    DynaEnergetics, 2020 Westlaw 3259807.  A key issue in that case

2    was the extent of overlap between a case pending here in Waco

3    and another case in the Southern District of Texas and whether

4    the Waco case overlapped enough that it should be transferred

5    for consolidation.  It was transferred by this Court.

6         Circumstance No. 2:  The judicial admissions SynKloud made

7    concerning overlap --

8         THE COURT:  Well, wait a second.  With regard to the case

9    that you just talked about though, there was identity of

10   parties, correct?

11        MR. RAVEL:  I don't -- I don't have it in front of me,

12   Judge.  I can't argue with you about that.  I'm not sure, but

13   if that's your recollection, it's probably right.

14        THE COURT:  My recollection is, in the case that we

15   transferred that you're referring to -- I hope you guys can

16   hear me.  I'm sorry.

17        But if I'm on -- if I'm correct -- and my clerks can stop

18   me if I'm wrong, but my recollection is the transfer in that

19   case had to do with the fact that a case was already pending

20   between the same two parties.  A second suit was filed in my

21   court, and we found there was significant overlap and that it

22   would be appropriate, because of the identity of parties and

23   the other reason, to go ahead and essentially consolidate them

24   in the place where it was first filed, but --

25        MR. RAVEL:  Judge, I'm not 100 percent sure that there was

1    identity of parties.  It looks like there were two defendants

2    in the Southern District case and only one in the Waco case.

3    But I can't swear to that.

4         But I think the -- I think the argument is good

5    nonetheless for the reasons that I will continue with now.

6         And I think what floats over all of this is a pretty big

7    disagreement about the likelihood that the transfer of Adobe

8    will be reversed.  And I'm going to leave that to others who

9    know more about it than I do.

10        But I was about to tell you what the judge said -- what

11   SynKloud said about the overlap between these two cases a

12   couple of weeks ago in the Federal Circuit.  The current

13   action, referring to the Dropbox 525 action, involves similar

14   issues, same accused products and/or services among the same

15   parties as the related 526 action, that in turn has the same

16   patents-in-suit as the Adobe 527.

17        Multiple suits involving the similar interests may create

18   practical problem that will weigh in favor of transfer.

19   SynKloud continued.  The 525 action and the 526 action

20   addressed similar issues.  Same accused products and/or

21   services that uses the same underlying technology, server-side

22   functionality and same parties.  Same parties, Judge.

23        The Dropbox 526 action and the Adobe 527 action have the

24   same patents-in-suit, making all the three actions related.

25   SynKloud went on to argue that judicial economy weighs against

1    transfer in this case because the consolidated cases involve

2    the same parties and the same accused products and/or services.

3    Having competing litigations in different forums runs the risk

4    of conflicting judgments and duplication of efforts, a waste of

5    the parties' and judicial resources.

6        Circumstance No. 3:  The status quo today is, the heavily

7    overlapping Adobe 527 has been transferred in the Northern

8    District of California.  These three circumstances, including,

9    but not limited to, SynKloud's overlap admissions, this Court's

10   analysis of DynaEnergetics -- Dyna -- Dyna -- can't say it --

11   and the Adobe 527 is already out there.  So, Judge, a sua

12   sponte transfer before even reaching the stay issue or a

13   reexamination of the 1404 factors is appropriate here.

14       I will soon turn it over to Mr. Lantier for a preview of

15   what that stay should look like or what that reexamination

16   might look like and a suggested procedure per se.  But please

17   consider sending the Dropbox 525 and the 526 to the Northern

18   District of California for consolidation with the Adobe 527 in

19   a six-line order today.

20       And I've saved the best reason you should do that for

21   last.  That's the order from this Court that accomplishes what

22   all three parties and the Court all really want.  Namely, the

23   order that gets these three admittedly overlapping cases down

24   the road toward trial the fastest, the fairest and the most

25   efficiently.  And it gets the cases down that road toward trial

1    with zero duplication of effort for any party or for any court.

2         Judge, unless you have questions for me, I'll turn it over

3    to Mr. Lantier at this point.

4         THE COURT:  That would be fine.  Thank you.

5         MR. LANTIER:  Thank you, Your Honor.  And thank you,

6    Steve.  This is Greg Lantier on behalf of Dropbox.

7         Your Honor, as Mr. Ravel said, it is Dropbox's view that

8    Your Honor should consider whether we really need to file six

9    more briefs on the transfer issue or whether in light of the

10   Federal Circuit's recent rulings and their view on the court

11   congestion factor, their statements in the Dropbox mandamus

12   about the relevancy of the practical problems of the transfer

13   of the Adobe action and also their commentary on the other --

14   some of the other transfer factors.  Whether the additional

15   briefing is necessary at all or whether Your Honor would

16   entertain sua sponte transferring the two Dropbox cases to the

17   Northern District of California.

18        But if Your Honor would prefer not to do that, we were

19   hoping that we could talk about a process for moving forward.

20   As suggested by the Federal Circuit, Dropbox does intend to

21   file motions for reconsideration of the Court's prior decisions

22   denying Dropbox's motions to transfer these two cases.  And we

23   are prepared to file those motions for reconsideration today if

24   that is Your Honor's preference.

25        What we'd like to do is have a relatively fast schedule

1    for briefing those motions for reconsideration.  We think that

2    the issues are straightforward and that Your Honor is of course

3    very well aware of the relevant case law and well aware of what

4    the Federal Circuit has recently said.

5         So we would propose that if briefing is needed on the

6    motions for reconsideration that Dropbox would file its motions

7    today, that the -- any oppositions that SynKloud would like to

8    file would be due by the end of the day on Tuesday, August

9    11th.  And that to the extent Dropbox would reply to any of

10   those oppositions, that it would do so by noon central time on

11   Friday, August 14th, so that the motions for reconsideration

12   can be considered promptly, and Your Honor can determine how

13   Your Honor would like to proceed on those.

14        While that is pending, we would ask that the Court

15   continue the stay of the proceedings that is currently in

16   place.  And we would respectfully suggest that that stay ought

17   to continue until the issue of venue is sorted out so that we

18   don't run the risk of either, one, two courts having to do all

19   of this twice or different courts doing the Markman in tandem

20   and just expending judicial resources that would better be

21   conserved by having a single judge consider the Markman issues

22   all together.

23        I do understand -- I understand, I think, what SynKloud is

24   saying about wanting to file its briefing and have a Markman

25   hearing in this Court, notwithstanding the mandamus order in

1    the Adobe case and the mandamus decision in the Dropbox cases.

2    But I don't think that it would -- I don't think that it's a

3    correct statement of the law.

4        I think what will happen is, to the extent Your Honor

5    proceeds to hold a Markman hearing and decide on the Markman

6    issues, that decision of course won't apply to Adobe at this

7    point in time because Adobe has already been ordered

8    transferred.  And in the event that the Dropbox cases are later

9    ordered transferred to a different court, I would be very

10   confident that whichever party, and maybe both parties, are

11   disappointed in any of your Markman rulings, that those parties

12   would then approach the Court in California for reconsideration

13   of those issues, since Markman orders are interlocutory in

14   nature and therefore will have a good deal of duplication of

15   efforts.

16       So for those reasons, we would ask that the Court set a

17   prompt schedule if motions for reconsideration should be filed

18   for that briefing and then continue the current stay of

19   proceedings until this issue is resolved.

20       THE COURT:  When is the Markman set for?

21       MR. LANTIER:  August -- it's currently -- Your Honor, it

22   was currently set for August 25th, although the -- per Your

23   Honor's stay order, the parties have now not filed the second

24   round of Markman briefing which had been due last Friday.

25       THE COURT:  Okay.  Okay.

1        MR. MAR:  Your Honor, could I interject briefly for Adobe,

2   Your Honor?

3        THE COURT:  Yes.  Could you identify yourself?

4        MR. MAR:  Yes.  Sorry, Your Honor.  This is Eugene Mar for

5   defendant Adobe.

6        And, Your Honor, we just wanted to state on the record

7   that it's our understanding from last week's order from the

8   Federal Circuit granting our petition for a writ of mandamus to

9   transfer the case to the Northern District of California, that

10  that indeed is the state of things from the 527 case, and we

11  would actually look for the Court's guidance on how it would

12  seek to implement.  That order at this stage is, we don't

13  believe the Adobe case should proceed any longer here in the

14  Western District of Texas and that the Federal Circuit has

15  stated that the jurisdiction for this case should be moved to

16  California imminently.  And understanding that SynKloud has

17  stated that it has an intention to seek a petition for

18  rehearing, we all know those -- statistically that's

19  exceedingly rare to be granted.  And indeed, the Federal

20  Circuit has rules that says it could be denied without even

21  seeking a response from the other party, just to indicate how

22  rare such relief can be.

23        And so again, it's the state of things with the order from

24  last Tuesday from the Federal Circuit is that the Adobe case is

25  to be transferred.  We would like to hear from the Court how it

1    hopes to implement that here in the coming days.

2         And, similarly, we do agree from an efficiency perspective

3    with the Dropbox defendants that it's best that maybe this

4    Court also hear its venue issues before proceeding with the

5    Markman hearing in the event that it'd be more efficient for

6    one court, and we believe at this point, a California court

7    should decide the Markman issues, including the ones that the

8    plaintiff had raised about their positions with regards to what

9    they have stated in the IPR proceedings.

10        THE COURT:  Has everyone -- I'm going to say something,

11   but I'm not going to rule right away.  So I'll give other folks

12   a chance to speak.  But I'll tell everyone my sense in this

13   case, given all of the procedural back and forth that's gone

14   on, is that I should, I think, proceed as cautiously as

15   possible and give everyone an opportunity to, you know, make

16   whatever record they need to make.

17        I am tempted to make a joke about how some federal judges,

18   you know, hire their own lawyers to mandamus and file their own

19   mandamus.  I'm not going to do that in this case.

20        But, so my general leaning is -- and I think Mr. Ravel

21   knows me best of anyone on the call -- is to be as prophylactic

22   as possible to protect everyone's interest.  So I get --

23   notwithstanding the fact that a request for rehearing might not

24   be successful.  I don't think it's unfair to give the plaintiff

25   an opportunity to file that and have the Circuit decide that,

1   and then if the plaintiff decides that they want to appeal

2   that, you know, that's their right.  And I will delay --

3       Look.  I'm going to follow -- whatever the -- whatever the

4   Circuit tells me to do with respect to Adobe, I'm going to do

5   immediately as soon as everything is exhausted.  But I'm going

6   to give the plaintiff an opportunity to exhaust their rights

7   and file whatever appeals they need to make sure that -- that

8   I'm doing the right thing.  I will do it expeditiously if

9   Dropbox is successful to route to them.

10      Now, with respect to the other defendant, although this

11  may seem like make work, I think it would be better to have a

12  record that the public can look at as to the reasons why I

13  would consider transferring the case and not just do it sua

14  sponte.  So I will allow you all to file your motion today.

15      I'm not going to shorten the time as much as requested,

16  but I will shorten it a little bit to -- I will give the --

17  what is -- I've lost track.  What is the -- Mr. Ravel, I'll

18  pick on you.  What is the normal amount of time someone gets to

19  file a response to a motion?

20      MR. RAVEL:  Non-dispositive, two weeks.  That is 14 days.

21      THE COURT:  Okay.  Then I'm going to allow the plaintiff

22  to have 14 days, the normal 14 days, to file a response.  I'll

23  give the -- then a reply, a week.

24      But when whoever files -- and, Mr. Ravel, again I'll pick

25  on you.  When the reply is filed and the case is ripe, please

1   contact Josh.  You can anticipate a hearing as quickly -- and I

2   mean very quickly after it.

3       I don't know -- ordinarily I come into a hearing on a

4   matter like this that's been -- I've had a little more time

5   with, able to make a decision immediately.  I can't guarantee

6   that at this time, but I can tell you we would have a hearing

7   very quickly after we get the final pleading in the case by

8   Zoom, I presume, although we may be at a point where we could

9   have hearings in person again, if that's what the parties would

10  like to do.  We may be getting close enough to September for

11  you all to do it in person.  And this is a hearing that may be

12  of significant substance enough that I would like to have it

13  in -- live, if at all possible.

14      I'm not going to put anyone at risk.  I don't want to read

15  about myself in Texas Lawyer about how I'm jeopardizing the

16  health of everyone.  So if someone feels they can't be there,

17  that's fine.  But if by then it will be safe for us to do it in

18  person, that would be my preference.

19      So all that being said, I'm going to delay any other work

20  in the Markman until we get this resolved.  That's if the

21  plaintiff seeks to exhaust its rights with respect to a party

22  that the Circuit has told me ought to be transferred, that's

23  fine.  However, I am not going to require that party to

24  continue to do anything in the case while that's happening.  I

25  don't think that would be fair.  I don't think that's what the

1   Circuit would want me to do.

2        So I will give the plaintiff the opportunity they need to

3   change the Circuit's mind if they can, and not if they can't.

4        So I'll go back to the plaintiff.  Is there anything we --

5   I've discussed or proposed that you would like to discuss?

6        MS. BRAHMBHATT:  Yes, Your Honor.  I did want to make a

7   point about overlap between Dropbox and Adobe.  The products at

8   issue here are cloud servers, which are very specific trade

9   secret implementations by two different defendants.  So there

10  is no overlap in the accused products or technologies between

11  Dropbox and Adobe.

12       And district court judges in the Fifth Circuit have

13  allowed patent cases to continue against defendants, you know,

14  when the mandamus was denied against them.  So --

15       THE COURT:  Oh, I'm well aware -- I'm giving you all a

16  chance to brief that.  I'm -- as of right now, one of the cases

17  is going to be transferred unless you succeed in convincing the

18  Circuit to change its mind.

19       The other case stays on my court, unless the defendant

20  persuades me, and they might, but they persuade me to transfer

21  it.  And that's why I'm going to have all the briefing and I'm

22  going to have the hearing.

23       Let me make clear on the record, as of right now, I --

24  again, with respect to Dropbox, I'm going to do whatever the

25  Federal Circuit tells me to do once I believe that's a final

1  decision.

2      With respect to the other decision, that's one I'm going

3  to take up carefully after I have complete briefing.  And as

4  I'm out walking along the Animas River right now in Durango, I

5  have no opinion as to what I'm going to do one way or the

6  other.  I'll have to await the briefing.

7      So is there anything else?

8      MS. BRAHMBHATT:  Yes, Your Honor.  How about just

9  completing the Markman briefing, just the filings?  And not

10  having the hearing?  So that way we put in all of our

11  positions.  Right now we have this, you know, incomplete

12  briefing issue.  Are you against --

13      THE COURT:  Well, you were down to one level of briefing,

14  right?  I mean, you've done the initial briefs and the other

15  briefs are going to come.

16      MS. BRAHMBHATT:  Yes.

17      THE COURT:  So here's -- so I'll tell you this.  I'm going

18  to have a hearing, as I said before.  I'm not going to have

19  folks continue to work, given what the Circuit has told me.

20  However, the parties should be prepared -- not Dropbox

21  necessarily, but -- because I don't know how final that

22  decision will be.  That will be up to the plaintiff who's

23  telling me they may apply for cert.

24      However, with respect, if the other defendant loses the

25  motion to transfer, then briefing will be completed very

1   quickly, and the Markman hearing will take place very quickly

2   in my court.

3        So we are -- we are not --

4        MS. BRAHMBHATT:  Your Honor, I just wanted to clarify.

5   You swapped Adobe -- Adobe is the one that --

6        THE COURT:  I'm sorry.  Yeah.  If I said that, I

7   apologize.  So yes.  Adobe is -- Adobe I will deal with as the

8   plaintiff desires in their effort to get the case reversed.

9   And I'll deal with the other defendant after I rule on the

10  opinion.

11       Now, let me add this.  Even though I've had attorneys

12  complain about this method in the past -- and I'll get over

13  that, I'm sure -- if I were to deny the motion to transfer --

14  if I were to ascribe the motion to transfer as not well taken,

15  again, I have not decided one way or the other in any way.  But

16  if I were to decide that, there is a good chance that I will do

17  that orally.

18       If I do it orally and deny the transfer, we will have the

19  Markman whenever I decide it's the most appropriate.  And I may

20  or may not have gotten a written order out on the denial on the

21  motion to transfer.

22       However, on this motion to transfer, I'm not entirely

23  certain how much -- what all it entails for me to do.  I'm not

24  forecasting I'm going to deny it.  I'm not forecasting I'm

25  going to grant it.  I'm just saying -- trying to think ahead.

1    If I do deny it, I will try to make up some of the lost time

2    with respect to getting to the Markman and dealing with

3    Dropbox.

4         Does that take care of everything -- your concerns for the

5    plaintiff?

6         MS. BRAHMBHATT:  Yes, Your Honor.

7         THE COURT:  Mr. Ravel, or anyone on your -- behalf of your

8    client?

9         MR. RAVEL:  Well, one thing strictly housekeeping.  If we

10   file today, it feels like what the Court has done is reverted

11   to the rules for non-dispositive motions.  14 days for a

12   response, then seven days after that for a reply and notice to

13   Dr. Yi on that day, prompt hearing.  Do I have that right,

14   Judge?

15        THE COURT:  Spot on.

16        MR. MAR:  Your Honor, defendant --

17        MR. RAVEL:  I thought --

18        MR. MAR:  Sorry.  Go ahead, Mr. Ravel.

19        MR. RAVEL:  No.  I was just saying that's all from my

20   perspective.  Mr. Lantier may need the floor, but that's all

21   that I have on my mind, Judge.

22        MR. LANTIER:  And this is Mr. Lantier.  I agree.  I don't

23   think Dropbox has anything else to raise.  But thank you, Your

24   Honor, for taking our -- taking your time today to hear us.

25        THE COURT:  No problem.  Anything else?

1          MR. MAR:  Your Honor, this is -- yes, Your Honor.  This is

2   Eugene Mar on behalf of Defendant Adobe.  And just two issues I

3   wanted to raise here in response to the Court's guidance.

4          First, I just wanted to clarify that for our case, the 527

5   case, is it the Court's order that all the dates are now

6   vacated in view of the plaintiff seeking to file a petition for

7   rehearing on our writ of mandamus?

8          THE COURT:  They are.

9          MR. MAR:  Okay.  And, Your Honor, secondly -- and thank

10  you for that clarification -- I just wanted to raise the point

11  that it is in Adobe's perspective that the order that came last

12  week is the order from the Federal Circuit directing the

13  transfer.  And, indeed, that's what the Circuit had directed us

14  to do and directed this Court to conduct.

15         And that waiting at this point for a potential petition

16  for rehearing, and through all the other appellate procedures,

17  is not what the Circuit had envisioned in its order.  And it

18  strikes me as being akin to when we first sought a petition for

19  writ of mandamus.  It's as if we came to this Court and said

20  this Court should not proceed because we're going to seek a

21  petition for writ of mandamus to change an opinion.  We did not

22  do that.  We knew that's not how the Court directs actions.

23  The status quo was the District Court proceeded at that stage.

24         But now we have an order from the Federal Circuit

25  directing to transfer.  And SynKloud is saying they may try to

1   appeal again to try to change the Court's direction there, but

2   the status quo is this case should be moved to California.

3        So we're going to urge whether it would be willing to

4   reconsider directing that change for now for Defendant Adobe as

5   opposed to wading through the remaining appellate procedures

6   SynKloud may or may not take.

7        MS. BRAHMBHATT:  Your Honor --

8        THE COURT:  I'm not going to, and I'll tell you why.  I'm

9   not going to and let me tell you why.  I'm not going to

10  reconsider it.  I don't even know that I can argue with you

11  that that might be what I should do.  However, my concern is a

12  logistical one, which is that if I were to transfer it and in a

13  short course of time the Circuit were to take up and grant the

14  relief, then you would have the bureaucratic process of having

15  to have it transferred back.

16       And so I don't know that -- I don't know what the Circuit

17  was -- I don't know that they were thinking I was to transfer

18  it immediately and not give the plaintiff an opportunity to ask

19  for reconsideration.

20       I will be honest on the record.  I read -- you know, I

21  read the mandamus.  And I'm not optimistic they're going to

22  change their mind.  It seems to me that my path is clear.

23  However, I think it's not unfair as long as I'm staying

24  anything that happens in this case until I get a resolution one

25  way or the other, then -- but your point is well taken.  And

1    I'll say this.  If the Circuit denies any request from the

2    plaintiff to reconsider, then I want you all to call me back,

3    and I will hear from counsel as to whether it's appropriate to

4    do -- to any further delay it at that point, even if the

5    plaintiff -- excuse me -- even if the plaintiff tells me

6    they're going to attempt to get a cert.  I think your point is

7    well taken that the Circuit probably would not want me to delay

8    at that point.  And I'll take that up if the plaintiff is

9    unsuccessful in their appeal.

10       MS. BRAHMBHATT:  Your Honor, I did want to say what

11   Adobe's proposing is not supported in law at all.  Case law,

12   this is a shoe-in --

13       THE COURT:  Counsel -- counsel.

14       MS. BRAHMBHATT:  Yes, Your Honor.

15       THE COURT:  I think I've ruled.  And actually I think I

16   ruled in your favor.

17       MS. BRAHMBHATT:  Okay.  Thank you, Your Honor.

18       THE COURT:  So is there anything else we need to take up

19   for anyone at this time?

20       MR. DACUS:  Your Honor, this is Deron Dacus.  I just want

21   to say that I hope the sun is shining brightly on the Animus

22   River, and that if you don't have now, you soon have a fly rod

23   in your hand.

24       THE COURT:  Well, I'll tell you the way America works.

25   I'm here and it's beautiful and I'm walking and I'm thanking

1    God for this opportunity.  My son is spending the day with a

2    fishing guide, because I had a couple things to do today.  So I

3    have an unbelievably blessed life and job, but today my son is

4    more of a beneficiary of that than I am.  So that's okay.

5         MR. DACUS:  I understand.

6         THE COURT:  I want to make -- I told someone earlier today

7    in a Zoom hearing, I do my best to try and keep -- sometimes

8    give attorneys relatively short time windows to get things

9    done.  And I feel it's only fair that I reciprocate by

10   responding as quickly as possible when you all have an issue

11   that needs to be resolved.  So -- and you could do it in a lot

12   worse places than Durango, Colorado.  So, but --

13        MR. DACUS:  Thank you for the time, and go enjoy what's

14   left of the day.

15        THE COURT:  Well, there's -- I'm in great shape.  I

16   appreciate you guys bringing this to the Court's attention.

17        Let me add one more thing, make sure that one -- and I

18   doubt I'll have to encourage counsel for Adobe to do this.  I'm

19   sure it will be done without me encouraging.  But if the

20   Federal Circuit does rule, as soon as you get it, if you happen

21   to get it before I do, please let me know immediately, and

22   we'll move from there.  So -- and that's -- obviously the

23   plaintiff's counsel can do the same thing.

24        So you all have a wonderful afternoon.  Be safe out there

25   and I hope to see at least some of you in the near future.

1          (Hearing adjourned at 2:41 p.m.)

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1  UNITED STATES DISTRICT COURT )

2  WESTERN DISTRICT OF TEXAS    )

3

4      I, Kristie M. Davis, Official Court Reporter for the

5  United States District Court, Western District of Texas, do

6  certify that the foregoing is a correct transcript from the

7  record of proceedings in the above-entitled matter.

8      I certify that the transcript fees and format comply with

9  those prescribed by the Court and Judicial Conference of the

10  United States.

11      Certified to by me this 9th day of August 2020.

12

                                */s/ Kristie M. Davis*
13                               KRISTIE M. DAVIS
                                 Official Court Reporter
14                               800 Franklin Avenue
                                 Waco, Texas 76701
15                               (254) 340-6114
                                 kmdaviscsr@yahoo.com
16

17

18

19

20

21

22

23

24

25